```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

UNITED STATES OF AMERICA,          §
                                   §
          Plaintiff,               §
                                   §
v.                                 §   CIVIL ACTION NO. H-07-3437
                                   §
JOHN B. KENNEDY, a/k/a JACK        §
KENNEDY, FORT BEND COUNTY TAX      §
OFFICE, FORT BEND COUNTY,          §
M.U.D. #48, VICKSBURG              §
COMMUNITY ASSOCIATION,             §
                                   §
          Defendants.              §
```

MEMORANDUM AND ORDER

Pending are Plaintiff United States of America's Motion for Summary Judgment (Document No. 12) and Defendant John B. Kennedy's Notice of Appeal (Document No. 25). After carefully considering the motions and the applicable law, the Court concludes as follows.

I.  Background

This suit by United States of America (the "Government") is to recover from John Kennedy ("Defendant") unpaid federal income (1040) taxes, penalties, and interest. *See* Document No. 1. The Government alleges that Defendant owes $220,251.75 in unpaid taxes as of December 31, 2007, plus additional statutory amounts accruing since December 31, 2007. *See* Document No. 12, ex. Brief in Support at 4. The Government seeks judgment for the unpaid taxes and statutory additions, and to recover those amounts by foreclosure of

federal tax liens on and the sale of Defendant's "real property on Confederate Ct., Missouri City, Texas," (the "Property").[1]  *See* Document No. 1 at 3-4.

Although twice granted generous enlargements of time to respond to the Government's Motion for Summary Judgment, Defendant still had filed no opposition even five months after the Government filed its motion.  Defendant's motion for further enlargement of time was denied by the Magistrate Judge because it merely reiterated the same reasons cited by Defendant in his previous motions.  Defendant filed a "Notice of Appeal" from the Magistrate Judge's Order, which the Court construes as objections under Rule 72(a).  *See* FED. R. CIV. P. 72(a).

The District Judge may consider any objections filed by a party on non-dispositive matters referred to the Magistrate Judge, and modify or set aside the Magistrate Judge's Order if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); Ford v. Estelle, 740 F.2d 374, 377 (5th Cir. 1984); United Steelworkers of Am., AFL-CIO v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1006 (3d Cir. 1987); Brown v. Wesley's Quaker Maid Inc., 771 F.2d 952 (6th Cir. 1985).  The Court has carefully

---

[1] The uncontroverted summary judgment evidence identifies the real property as: "Lot Fifteen (15), in Block Six (6), Replat of Vicksburg: Village of Shiloh, Section One (1), a subdivision in Fort Bend County, Texas, according to the map or plat thereof, recorded under Clerk's Slide Nos. 843/B and 844/A, of the Plat Records of Fort Bend County, Texas." *See* Document No. 12, ex. 3.

reviewed Defendant's single objection to the Magistrate Judge's Order, namely, that there was "no basis" for her Order, and concludes that the Order of the Magistrate Judge entered July 14, 2008, is not clearly erroneous or contrary to law.  Accordingly, Defendant's objection to the Magistrate Judge's Order is OVERRULED, and Defendant's "Notice of Appeal" (Document No. 25) is DISMISSED.  Moreover, because Defendant has filed no response in opposition to the Government's Motion for Summary Judgment, it is deemed unopposed pursuant to Local Rule 7.4.

II. Summary Judgment

A.  Standard of Review

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th

Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  "If, on the other hand, the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition.  Hetzel v. Bethlehem Steel

4

Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when those facts establish a *prima facie* showing of entitlement to judgment. *See* Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. United Parcel Serv., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

B. Analysis

   1. Defendant's Tax Liability

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness--a presumption that can help the Government prove its case against a taxpayer in court." United States v. Fior D'Italia Inc., 122 S. Ct. 2117, 2122 (2002); Affiliated Foods, Inc. v. C.I.R., 154 F.3d 527, 530 (5th Cir. 1998) ("The imposition of tax by the Commissioner is presumptively correct[;] therefore, the petitioner must shoulder the burden of proving that the tax assessment was improper."). This presumption extends to penalties and interest arising as a result of unpaid taxes, which are statutorily considered "taxes" for the purposes of tax assessment. *See* 26 U.S.C. § 6665(a)(2); *see also* United States v. Stanton, Civil No. SA-06-CA0234-XR, 2008 WL 2120066, at *5 (W.D. Tex. 2008) (concluding that because "[p]enalties, additional amounts, or additions to tax are treated

as taxes . . . the presumption of correctness applicable to the assessment of actual taxes is likewise applicable to such amounts"). "To rebut this presumption, the taxpayer bears the burden of proving by a preponderance of the evidence that the determination is arbitrary or erroneous." Yoon v. C.I.R., 135 F.3d 1007, 1012 (5th Cir. 1998).

According to the Government, as of December 31, 2007, Defendant owed $220,251.75 in unpaid 1040 federal income taxes, penalties, statutory additions, and interest. *See* Document No. 12, ex. Brief in Support at 2. The Government's Motion for Summary Judgment is supported by uncontroverted certified transcripts of account detailing the tax deficiencies for each of the tax years at issue: $5,265.40 from the 1997 tax year; $51,882.59 from 1998; $148,721.49 from 1999; $4,548.71 from 2002; $8,751.07 from 2003; and $1,082.49 from 2004. *See* id., ex. 2. Certified transcripts of account are admissible evidence proving an assessment--and enjoy a presumption of correctness. *See, e.g.*, United States v. Thurner, 21 F. App'x 477, 478 (7th Cir. 2001) (finding certified transcripts of accounts to be self-authenticating evidence "establish[ing] the amounts of the assessments subject to collection"); Lindsay v. C.I.R., 56 F. App'x 800, 801 (9th Cir. 2003) ("[T]he certified transcripts of account submitted by the Commissioner are presumptive evidence that the assessments against [the taxpayer] were properly made."); United States v. Partin, Civil No. 71-119,

1973 WL 592, at *1 (M.D. La. July 5, 1973) (relying upon certified transcripts of account as evidence that assessments had been properly made). The Government has established that the assessments made against Defendant were presumptively correct.

Defendant, on the other hand, has submitted no evidence and filed no response to challenge the propriety of the tax assessments. No genuine issue of material fact has been raised disputing the assessments or the amounts thereof, and the Government's proof is uncontroverted. Accordingly, the Government is entitled to summary judgment against Defendant in the amount of $220,251.75 as of December 31, 2007, plus statutory additions thereafter as provided by law to the date hereof.

2. Foreclosure on Defendant's Property

Pursuant to Title 26, Section 6321 of the United States Code,

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. "[T]he lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied." See id.

§ 6322. "[T]he Government may enforce the tax lien against any property of the delinquent taxpayer or any property in which the taxpayer has any right, title, or interest." U.S. v. Park Towers, Inc., 8 F.3d 306, 310-11 (5th Cir. 1993) (citing 26 U.S.C. § 7403). To that end, "[f]ederal district courts in tax foreclosure cases are authorized to order a sale of the homestead property and distribute the sale proceeds in accordance with the interests of the parties." U.S. v. Blakeman, 997 F.2d 1084, 1092 n.19 (5th Cir. 1992) (citing 26 U.S.C. § 7403(c)); *see also* United States v. Nat'l Bank of Commerce, 105 S. Ct. 2919, 2924 (1985) ("Section 7403(a) authorizes the institution of a civil action in federal district court to enforce a lien to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax." (internal quotations omitted)).

The uncontroverted summary judgment evidence establishes that the Government recorded its notices of liens in the property records of Fort Bend County, where Defendant owns the real property identified in Footnote 1, above. The Government has established its right to foreclose on its liens on Defendant's Fort Bend County Property and to have the property sold to satisfy Defendant's unpaid taxes. *See* United States v. Eubanks, Civil No. 3-02-CV-2541-H, 2003 WL 21281640, at *3 (N.D. Tex. May 28, 2003) (granting unopposed summary judgment motion when the Government proffered

uncontroverted evidence of the taxpayer's federal income tax liability, taxpayer's deed to the property at issue, and notices of federal liens on taxpayer's property).

Both Fort Bend Municipal Utility District #48 and Fort Bend County Tax Office have filed responses to the Government's Complaint alleging that they are owed ad valorem taxes for which they each have liens on the Confederate Ct. property.  The Government in its Motion for Summary Judgment, acknowledges that ad valorem taxes owed to Fort Bend County and Fort Bend MUD #48 "will be paid prior to the federal tax liens after costs of the sale." It remains necessary for the Government to supplement its filing to show the amount of statutory additions accruing since December 31, 2007, and to propose a form of order upon which Final Judgment may be entered detailing the conditions of foreclosure sale and the division of proceeds therefrom.

### III.  Order

For the reasons stated above, it is

ORDERED that Plaintiff United States of America's Motion for Summary Judgment (Document No. 12) is GRANTED, and the United States shall have and recover from Defendant John B. Kennedy a/k/a Jack Kennedy the amount of $220,251.71, as of December 31, 2007, plus statutory additions accruing from December 31, 2007, until paid, for Defendant Kennedy's 1997, 1998, 1999, 2002, 2003, and 2004 income tax years; and it is further

ORDERED that the United States, in aid of its collection of Defendant John B. Kennedy's tax liabilities, may foreclose its federal tax lien against Defendant Kennedy's real property located on Confederate Ct., Missouri City, Texas, such property being further described as follows:

> Lot Fifteen (15), in Block Six (6), Replat of Vicksburg: Village of Shiloh, Section One (1), a subdivision in Fort Bend County, Texas, according to the map or plat thereof, recorded under Clerk's Slide Nos. 843/B and 844/A, of the Plat Records of Fort Bend County, Texas;

and it is further

ORDERED that within two weeks after the date of this Order, the United States shall file its verified supplemental schedule of the statutory additions accruing to Defendant Kennedy's tax liability since December 31, 2007, and shall propose a form of Order upon which Final Judgment may be entered detailing the conditions of foreclosure sale and the division of proceeds therefrom.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 9th day of September, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE